*Singh v. Lynch*

BIA
Poczter, IJ
A200 939 076

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of April, two thousand sixteen.

PRESENT:
        ROSEMARY S. POOLER,
        PETER W. HALL,
        DEBRA ANN LIVINGSTON,
              *Circuit Judges.*

_____

SURJIT SINGH,
        *Petitioner,*

v.                                                          14-2266
                                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:            Garish Sarin, Los Angeles,
                           California.

FOR RESPONDENT:            Benjamin C. Mizer, Principal Deputy
                           Assistant Attorney General; Jesse M.
                           Bless, Senior Litigation Counsel;

Raya Jarawan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Surjit Singh, a native and citizen of India, seeks review of a May 27, 2014, decision of the BIA affirming a May 17, 2013, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Surjit Singh,* No. A200 939 076 (B.I.A. May 27, 2014), *aff'g* No. A200 939 076 (Immig. Ct. N.Y. City May 17, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision, including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well

established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications such as Singh's, governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on inconsistencies in an applicant's statements, so long as they reasonably support an inference that the applicant is not credible.  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).  We defer "to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.  Substantial evidence supports the agency's adverse credibility finding, based on inconsistencies in Singh's testimony and between his testimony and corroborating evidence, and his submission of unreliable documents.

Singh testified inconsistently regarding whether he went to the hospital after Congress Party members allegedly beat him in 2008, and again in 2009, because he supported a party advocating for Sikh independence.  He first testified that he did not go to the hospital, but after he was shown a letter he

submitted from an Indian hospital stating that he had been admitted in 2008 and again in 2009, he conceded that he had gone to the hospital in 2008. He explained that his hospital visit must have slipped his mind. Singh also testified that he was not admitted to the hospital after the 2009 beating but might have stopped there incidentally. Singh stated that his mother "might have made a mistake in writing," in a letter submitted to the IJ, that Singh was taken to the hospital after the 2009 attack. The IJ did not err in relying on these discrepancies to find Singh incredible: they are particularly significant because they relate to the alleged harm from which he seeks asylum. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006). Singh's explanations for the inconsistencies would not compel a reasonable fact-finder to credit his testimony. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The IJ reasonably found that Singh submitted a document of questionable veracity: an Indian voting identification card showing that he had a husband. The IJ also noted that the letter Singh submitted from his political party in India did not mention the persecution he allegedly suffered and was a form

4

letter the IJ had seen previously from other asylum applicants. These suspect documents further undermined Singh's credibility. *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007); *Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007).

Substantial evidence supports the agency's findings and a totality of the circumstances supports the agency's credibility determination. Because the only evidence of a threat to Singh's life or freedom depended on his credibility, the adverse credibility finding necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5